**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 13-20113-01-CM |
| **ALLEN E. WHISENANT,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Allen E. Whisenant's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 42.) Defendant seeks to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines, which took effect on November 1, 2014, and lowers the base offense levels in the Drug Quantity Table, U.S.S.G. § 2D1.1. On July 18, 2014, the United States Sentencing Commission voted to apply the amendment retroactively to those offenders currently in prison, but with a requirement that the reduced sentences cannot take effect until November 1, 2015. Defendant claims that he is now entitled to relief under the Supreme Court's guidance in *Hughes v. United States*, 135 S. Ct. 1765 (2018), because he entered a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C).

Amendment 782 does not offer defendant relief in this instance. Defendant pleaded guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) and received a statutory minimum sentence of 120 months, even though his calculated guideline range would have been less. The statutory minimum did not change, and ultimately, the guideline range was not considered because the statutory minimum was imposed. *Koons v. United States*, 138 S. Ct. 1783, 1788–89 (2018) ("[W]hen the ranges play no relevant part in the judge's determination of the defendant's ultimate sentence[,] the resulting sentence is

-1-

not 'based on' a Guidelines range."). The court is without authority to reduce defendant's sentence because his sentence was not based on a Guidelines range.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Allen Whisenant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 42) is dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the government showed sufficient cause why the court should not grant defendant's motion as unopposed, and the court has considered the government's response brief.

Dated this 1st day of April, 2019, at Kansas City, Kansas.

                                      **s/ Carlos Murguia**
                                      **CARLOS MURGUIA**
                                      **United States District Judge**