**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 13-20113-01-CM |
| ALLEN E. WHISENANT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Allen E. Whisenant's pro se Motion for Reconsideration (Doc. 48.) The court recently denied a motion by defendant seeking an 18 U.S.C. § 3582(c)(2) reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines. In his original motion, defendant claimed that he is entitled to relief under the Supreme Court's guidance in *Hughes v. United States*, 135 S. Ct. 1765 (2018), because he entered a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C).

The court dismissed defendant's motion for lack of jurisdiction because defendant received a statutory minimum sentence of 120 months. The court held that the statutory minimum did not change, and ultimately, the guideline range was not considered because the statutory minimum was imposed. *See Koons v. United States*, 138 S. Ct. 1783, 1788–89 (2018) ("[W]hen the ranges play no relevant part in the judge's determination of the defendant's ultimate sentence[,] the resulting sentence is not 'based on' a Guidelines range.").

Defendant claims that the court ruled without allowing him a reply brief, denying him due process. Defendant also believes that the court's decision lacked personalized analysis. Defendant further argues that the Sentencing Guidelines are the starting point for any sentencing calculation, so

-1-

defendant should be eligible for a sentence reduction. And he maintains that *Hughes* makes him eligible for relief.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts generally recognize three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."); *United States v. D'Armond*, 80 F. Supp. 2d 1157, 1243 (D. Kan. 1999) ("This court believes that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505. A motion to reconsider is not a proper place to reargue arguments that the court previously rejected. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

None of defendant's arguments meet the standards for reconsideration. While defendant does not specify a ground for reconsideration, it appears that the best fit for defendant's arguments is that the court needs to correct clear error or prevent manifest injustice. But a reply brief is not required. It is an optional brief. *See* D. Kan. R. 7.1(c) (providing that a responsive brief must be filed, but that a reply brief may be filed). The court did provide personalized analysis, tailored to defendant's case. (*See* Doc.

47, at 1 (considering defendant's specific sentence).) Defendant's citation of *United States v. Smith*, 896 F.3d 466 (D.C. Cir. 2018), as legal authority for requiring more specific analysis of defendant's personalized situation is not controlling, as *Smith* required personalized analysis upon consideration of the 18 U.S.C. § 3553 factors—factors which the court does not examine here, as defendant was sentenced to a statutory minimum. *See* 896 F.3d at 474–75. And defendant's other arguments are merely a rehashing of arguments that the court rejected. Defendant was sentenced based on the statutory mandatory minimum, and he is not entitled to § 3582(c)(2) relief.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Allen Whisenant's Motion for Reconsideration (Doc. 48) is denied.

Dated this 30th day of July, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**