IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>ALLEN E. WHISENANT (01),<br><br>       Defendant. | Case No. 13-20113-01-DDC |

## MEMORANDUM AND ORDER

Mr. Allen E. Whisenant has filed a Motion for Sentencing Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 50). He asks the court to modify his sentence due to (1) the risks that his medical conditions while incarcerated during the COVID-19 pandemic present to his health, and (2) the need to care for his mother. The government filed a Response (Doc. 53). And Mr. Whisenant filed a Reply (Doc. 57).

For reasons explained below, the court lacks subject matter jurisdiction to consider Mr. Whisenant's motion. The court thus dismisses the motion without prejudice.

**I.    Background**

On February 13, 2014, Allen Whisenant pleaded guilty to charges that he possessed with intent to distribute 50 grams or more of methamphetamine violating 21 U.S.C. § 841(a)(l), (b)(l)(A)(viii). Doc. 25 at 1; *see also* Doc. 26 at 1–3. On July 14, 2014, our court sentenced Mr. Whisenant to 120 months' imprisonment and six years of supervised release. Doc. 34. He is now serving that sentence of imprisonment at FCI El Reno in central Oklahoma. *See* Allen E. Whisenant, Reg. No. 23819-031, https://www.bop.gov/inmateloc/ (last visited Feb. 4, 2021).

Mr. Whisenant is set to complete his term of imprisonment in about 16 months on June 26, 2022. *Id.*

With this procedural background in mind, the court now recites the legal standard governing Mr. Whisenant's motion under § 3582(c)(1)(A).

## II. Legal Standard

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]'" *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule." *Id.*

Title 18 U.S.C. § 3582(c) announces a general rule that the "court may not modify a term of imprisonment once it has been imposed[.]" But the statute also recognizes certain exceptions. Even after it has imposed a term of imprisonment, the sentencing court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United*

*States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (citations and internal quotation marks omitted) (vacating district court's Order denying motion under § 3582(c)(1)(A) and remanding with instructions to dismiss motion for lack of jurisdiction); *see also United States v. Poutre*, ___ F. App'x ___, No. 20-8043, 2021 WL 271948, at *1 (10th Cir. Jan. 27, 2021) (affirming district court's decision to dismiss for lack of subject matter jurisdiction defendant's § 3582(c)(1)(A) motion where district court concluded that defendant's "motion failed to meet the § 3582(c)(1)(A) standards"); *United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1–2 (D. Kan. Dec. 4, 2020) (discussing our Circuit's reading of § 3582(c) as jurisdictional).

The court now applies this standard to Mr. Whisenant's motion.

## III.   Discussion

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). The court properly may consider a defendant's motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *Harris*, 2020 WL 7122430, at *3 (discussing competing readings of "the lapse of 30 days").

Though the government suggests that it appears that Mr. Whisenant meets the statute's exhaustion requirement, *see* Doc. 53 at 8, the court carries an independent obligation to satisfy itself that subject matter jurisdiction exists, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And the court "must dismiss the cause *at any stage* of the proceedings in which

3

it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation and internal quotation marks omitted).

Here, Mr. Whisenant asserts that he submitted his request to the warden on July 5, 2020. Doc. 50 at 24; *see also* Doc. 50-4 at 1–4 (Request to Warden). On July 20, 2020, the warden denied the request. *See* Doc. 50 at 24; *see also* Doc. 50-4 at 5 (Warden's Response). The response notified Mr. Whisenant of his appellate remedies. *See* Doc. 50-4 at 5 (explaining that an unsatisfied inmate "may commence an appeal of this decision via the administrative remedy process . . . within 20 days . . . ."). In his court filings, Mr. Whisenant alleges nothing about his efforts to pursue and exhaust those administrative appellate remedies. Instead, he asserts that filing his motion in federal court more than 30 days after his original request to the warden qualifies as "properly exhausting his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A)." Doc. 50 at 24. Mr. Whisenant's argument relies on a reading of the statute's exhaustion requirement that the court previously has considered but rejected.

A sentencing court may modify a term of imprisonment "upon motion of the defendant after . . . the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). "The COVID-19 pandemic has induced a flood of motions under § 3582(c), and courts evaluating the meaning of this statutory language have split." *Harris*, 2020 WL 7122430, at *2. The court itself embraced previously the view that exhaustion can be met by the mere passing of 30 days. *See, e.g.*, *United States v. Dobbertin*, 475 F. Supp. 3d 1263, 1266 (D. Kan. July 30, 2020). But since then, scores of § 3582(c)(1)(A) filings have afforded the federal courts many opportunities to consider this question. Upon reconsideration, the court has rejected the statutory interpretation that Mr. Whisenant's motion proposes. As the court explained in *Harris*, given "recent caselaw that has developed and

4

clarified the issue, the court concludes that the better reading of § 3582(c)(1)(A)'s text is one that understands the statute to require 30 days to pass in silence, rather than merely impose a waiting period." *Harris*, 2020 WL 7122430, at *3; *see also United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) (Easterbrook, J.) ("[I]n 2018 the First Step Act created a judicial power to grant compassionate release on a prisoner's own request, provided that the prisoner first allowed the Bureau to review the request and make a recommendation (or it let 30 days *pass in silence*)." (emphasis added)); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (Calabresi, J.) ("Congress allowed people seeking compassionate release to avoid BOP if BOP rejects their motions or *fails to act on them* within a short time period, only 30 days." (emphasis added)). So, "if the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court." *United States v. Olsson*, No. 13-CR-2051 KWR, 2020 WL 6869979, at *1 (D.N.M. Nov. 23, 2020); *see also Olsson*, 2020 WL 6869979, at *2 (concluding that the court "is precluded from granting [defendant's] request for release" because defendant failed to fully exhaust all administrative rights to appeal after he "received an answer within thirty days by the warden").

Here, because (1) the warden denied Mr. Whisenant's request within 30 days, and (2) Mr. Whisenant alleges nothing about exhausting his administrative rights to appeal that denial, the court concludes that Mr. Whisenant has shown neither lapse nor exhaustion. *See* Doc. 50 at 24. Relief under § 3582(c)(1)(A) requires one or the other. So, Mr. Whisenant fails to show that the statute authorizes relief. And since our Circuit's cases "require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction[,]" *Poutre*, 2021 WL 271948, at *1, the court concludes that it lacks subject matter jurisdiction to consider Mr. Whisenant's motion.

## IV. Conclusion

Sentence modification under § 3582(c)(1)(A) requires that a movant show exhaustion or lapse as the statute describes. Mr. Whisenant asserts that he meets that requirement. But he fails to allege facts showing that he fully exhausted his rights to appeal the warden's timely denial. This omission precludes the court from concluding that exhaustion or lapse are met.

Controlling law in our Circuit holds that a movant's failure to meet this requirement means that the court lacks subject matter jurisdiction. And absent subject matter jurisdiction, the court lacks the authority to consider the substance of Mr. Whisenant's motion. The court thus dismisses the motion without prejudice to refiling another motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Allen E. Whisenant's Motion for Sentencing Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 50) is dismissed without prejudice.

**IT IS SO ORDERED.**

**Dated this 4th day of February, 2021, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**