IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN E. WHISENANT (01),<br><br>Defendant. | Case No. 13-20113-01-DDC-JPO |

**MEMORANDUM AND ORDER**

Allen E. Whisenant has filed a request for leave to proceed on his appeal in forma pauperis (Doc. 63). His request stems from his appeal of the court's Memorandum and Order (Doc. 58) dismissing his motion for relief under 18 U.S.C. § 3582(c)(1)(A) (Doc. 50) for failure to show the statutory requirement of exhaustion or lapse. *See* Doc. 59 at 1; Doc. 63 at 2. The Court of Appeals has directed Mr. Whisenant to seek authorization from the district court to proceed on appeal in forma pauperis. *See* Doc. 61. For the reasons explained below, the court concludes that (1) Mr. Whisenant must secure prior approval before proceeding in forma pauperis and (2) his request for authorization lacks merit.

The court now recites the legal standards governing leave to proceed on appeal in forma pauperis and then applies those rules to Mr. Whisenant's request.

**I.      Legal Standard**

The term "in forma pauperis" is Latin for "in the manner of a pauper." *In Forma Pauperis*, *Black's Law Dictionary* (11th ed. 2019). In legal contexts, the phrase means "[i]n the manner of an indigent who is permitted to disregard filing fees and court costs[.]" *Id.* The

Federal Rules of Appellate Procedure provide that a "party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless" certain exceptions apply. Fed. R. App. P. 24(a)(3). Those exceptions include circumstances where: (A) "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;" or (B) "a statute provides otherwise." Fed. R. App. P. 24(a)(3)(A)–(B).

The procedure differs for persons neither (1) permitted to proceed in forma pauperis in the district-court action nor (2) determined to be financially unable to obtain an adequate defense in a criminal case. Fed. R. App. P. 24(a)(1), (3). For these persons outside the scope of Rule 24(a)(3), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). "In order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *see also* 28 U.S.C. § 1915; Fed. R. App. P. 24(a). "If the district court denies the motion, it must state its reasons in writing." Fed. R. App. P. 24(a)(2).

The court now applies this standard to Mr. Whisenant's case.

**II.**      **Discussion**

    **A.**      **Whether Mr. Whisenant's Appeal is Not Taken in Good Faith for Purposes of Fed. R. App. P 24(a)(3)(A)**

Mr. Whisenant seeks to proceed on appeal in forma pauperis. *See* Doc. 63 at 1. He previously was determined to be financially unable to obtain an adequate defense in a criminal case. *See* Docs. 4 & 5. So, he may proceed on appeal in forma pauperis without further authorization unless certain exceptions apply. Fed. R. App. P. 24(a)(3). One exception applies when the district court certifies that the appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A). "An appeal is taken in good faith when it presents a nonfrivolous issue." *United States v. Ballieu*, 480 F. App'x 494, 498 (10th Cir. 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).

Here, the appeal contests the court's application of 18 U.S.C. § 3582(c)(1)(A) to Mr. Whisenant's motion under that statute. Doc. 63 at 2. But the court's application rings in harmony with the Tenth Circuit's own reading of § 3582(c)(1)(A). *Compare United States v. Whisenant*, No. 13-20113-01-DDC, 2021 WL 392728, at *2 (D. Kan. Feb. 4, 2021) (concluding "'that the better reading of § 3582(c)(1)(A)'s text is one that understands the statute to require 30 days to pass in silence, rather than merely impose a waiting period.'" (quoting *United States v. Harris*, ___ F. Supp. 3d ___, No. 15-40054-01-DDC, 2020 WL 7122430, at *3 (D. Kan. Dec. 4, 2020))), *with United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (explaining that § 3582(c)(1) allows "a defendant to directly file a motion for compassionate release with the district court after . . . the passage of 30 days from the defendant's *unanswered request* to the warden for such relief" (emphasis added)).

The Tenth Circuit's *Maumau* decision governs. So, Mr. Whisenant's objection to the court's application of § 3582(c)(1)(A) to his Motion for Sentencing Relief (Doc. 50) contradicts

3

controlling Tenth Circuit precedent. His appeal presents no reasoned, nonfrivolous argument on the law. The appeal thus is not taken in good faith for purposes of Fed. R. App. P. 24(a)(3). So, Mr. Whisenant is not entitled to proceed on appeal in forma pauperis without further authorization. *See id.*

### B. Whether Mr. Whisenant's Motion for Leave to Appeal In Forma Pauperis Merits "Further Authorization"

Mr. Whisenant fails to raise a nonfrivolous issue for appeal and thus is not entitled to proceed on appeal in forma pauperis without further authorization. *See* Fed. R. App. P. 24(a)(3). Mr. Whisenant now seeks further authorization—he moves the court for leave to proceed in forma pauperis. Doc. 63 at 1. To succeed on his motion, Mr. Whisenant "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505.

His motion falls short of the mark in two distinct ways. *First*, and foremost, Mr. Whisenant has failed to identify a reasoned, nonfrivolous argument to support the issue he raises on appeal. Binding Tenth Circuit caselaw rejects his argument that the court wrongly applied § 3582(c)(1)(A)'s lapse provision. *See Maumau*, 993 F.3d at 830. Absent a reasoned, nonfrivolous argument, he cannot succeed on his motion. *DeBardeleben*, 937 F.2d at 505.

*Second*, Mr. Whisenant has not demonstrated financial inability to pay the required filing fees. His Financial Declaration reveals a positive net income and sufficient financial resources to cover the fees. *See* Doc. 63 at 3–5. Mr. Whisenant shows no inability to pay. So, two reasons push the court to deny the motion.

**III.     Conclusion**

Mr. Whisenant appeals the court's dismissal of his motion under 18 U.S.C. § 3582(c)(1)(A).[1]  He asks to proceed on appeal in forma pauperis.  But binding caselaw forecloses Mr. Whisenant's argument that the court wrongly applied § 3582(c)(1)(A)'s lapse requirement to his motion for sentencing relief.  The court concludes that his appeal fails to raise a nonfrivolous issue.  Absent a nonfrivolous issue, he may not proceed on appeal in forma pauperis without further authorization.

Mr. Whisenant requests further authorization, but the request lacks merit.  Not only does his failure to raise a nonfrivolous issue preclude further authorization, but his request for leave also fails to show that he is unable to pay the filing costs.  So, the court concludes that leave to proceed on appeal in forma pauperis is not warranted.  The court thus (1) certifies that the appeal fails to raise a nonfrivolous issue and is not taken in good faith under Fed. R. App. P. 24(a)(3)(A), and (2) denies the Motion for Leave to Appeal In Forma Pauperis.[2]

---

[1]     The court reminds Mr. Whisenant that the court's Memorandum and Order (Doc. 58) merely dismissed his motion *without prejudice*.  Doc. 58 at 6.  He may file another motion for compassionate release under § 3582(c)(1)(A) in the district court if he shows (1) exhaustion or (2) lapse—as the statute provides.  *See Maumau*, 993 F.3d at 830 (explaining that the First Step Act "modified § 3582(c)(1) to allow a defendant to directly file a motion for compassionate release with the district court after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, or the passage of 30 days from the defendant's unanswered request to the warden for such relief").

[2]     A "party who seeks in forma pauperis status and is certified by the district court as not appealing in good faith may nonetheless move [the Court of Appeals] for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in [Fed. R. App. P.] 24(a)(5)." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).  But, dismissal of an appeal "does not relieve" an appellant who unsuccessfully asks the *Court of Appeals* for leave to proceed in forma pauperis "of the responsibility to pay the appellate filing fee in full." *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).  Our Circuit has applied this rule to defendants asking the Court of Appeals to proceed in forma pauperis in appeals arising from district court decisions denying motions under § 3582(c)(1)(A).  *See, e.g.*, *United States v. Gieswein*, 832 F. App'x 576, 578 (10th Cir. 2021) (ruling on appellant's appeal, denying his motion in the Court of Appeals to proceed in forma pauperis, and reminding him that "he is responsible for paying the full amount of the filing fee"); *United States v. Springer*, 820 F. App'x 788, 792 (10th Cir. 2020) (same).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court certifies that the appeal from the Memorandum and Order (Doc. 58) dismissing Mr. Whisenant's earlier motion under 18 U.S.C. § 3582(c)(1)(A) (Doc. 50) is not taken in good faith.

**IT IS FURTHER ORDERED BY THE COURT THAT** Allen E. Whisenant's Motion for Leave to Appeal In Forma Pauperis (Doc. 63) is denied.

**IT IS SO ORDERED.**

**Dated this 6th day of May, 2021, at Kansas City, Kansas.**

<span style="margin-left:50%">**s/ Daniel D. Crabtree**<br>**Daniel D. Crabtree**<br>**United States District Judge**</span>